SACK, Circuit Judge:
 

 Glencore, Ltd. (“Glencore”) sought an order in the United States District Court for the Southern District of New York (Wood, /.), pursuant to Fed.R.Civ.P. 42(a) and 81(a)(3), granting consolidation of or in the alternative a joint hearing with respect to two pending and related arbitrations between Glencore and Schnitzer Steel Products Co. (“Schnitzer Steel”) and Glen-core and Halla Merchant Marine Co., Ltd. (“Halla”). Schnitzer Steel moved to dismiss. The district court granted Schnitzer Steel’s motion in part and denied it in part, finding that although it was without authority to order consolidation of the two arbitrations, a joint hearing of the arbitra-tions was both within its authority and warranted under the circumstances. The court entered an order mandating joint hearing. Schnitzer Steel appeals. Because we agree with Schnitzer Steel that the district court did not have the power to order a joint hearing, we vacate the order and remand the case to the district court.
 

 BACKGROUND
 

 The facts relating to this appeal are not in dispute. On or about October 18, 1996, Glencore entered into a contract for the purchase of shredded steel scrap from Schnitzer Steel (the “Purchase Contract”). The Purchase Contract contained an arbitration clause providing that:
 

 Any controversy or claim arising out of or relating to this contract or any alleged breach thereof, shall be determined by arbitration in New York City, in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon any award rendered therein may be entered in the Supreme Court of the State of New York, or in any other court of appropriate jurisdiction.
 

 On or about October 24, 1996, Glencore entered into a charter party agreement with Halla (the “Charter Party Agreement”) which provided that a vessel owned by Halla (the “Vessel”) would carry the cargo of steel scrap that Glencore purchased from Schnitzer Steel. The Charter Party Agreement also contained an arbitration clause. It provided:
 

 It is mutually agreed that should any dispute arise between [Halla] and [Glen-core], the matter in dispute shall be referred to three persons at New York for arbitration, one to be appointed by each of the parties hereto and the third by the two so chosen. Their decision or that of any two of them shall be final, and for the purpose of enforcing any award this agreement may be made a rule of the court. The arbitrators shall be shipping men, should the two so chosen not be able to agree who the third arbitrator should be, then the Society of Marine Arbitrators Inc., New York, is to
 
 *266
 
 appoint such Arbitrator. Arbitration to be conducted under the rules of the Society of Marine Arbitrators Inc.
 

 Halla was not a party to the Glencore-Schnitzer Steel Purchase Contract and Schnitzer Steel was not a party to the Glencore-Halla Charter Party Agreement. As noted, the arbitration clause in the Purchase Contract provided for arbitration in accordance with the rules then obtaining of the American Arbitration Association while the arbitration clause in the Charter Party Agreement instructed that the arbitration was to be conducted under the rules of the Society of Marine Arbitrators. Both agreements were silent as to consolidation of or joint hearing in related arbi-trations.
 

 On December 11, 1996, during the loading of the Vessel, the M/V Caravos Explorer, at Schnitzer Steel’s dock in Oakland, California, the Vessel grounded and allegedly suffered damage. Glencore contends that liability for the alleged damage lies either with Schnitzer Steel for failing to advise of the actual depth of the berth or with Halla for overloading the Vessel. Pursuant to the arbitration clauses in the respective agreements, Glencore commenced an American Arbitration Association arbitration against Schnitzer Steel and a separate Society of Marine Arbitrators arbitration against Halla.
 

 On July 31, 1997, fearing “duplication of expense and inevitable delay ... the possibility of inconsistent evidence or testimony ... and, above all, the risk of inconsistent decisions,” Glencore petitioned the district court for an order consolidating the two arbitrations or, in the alternative, requiring a joint hearing. Schnitzer Steel filed a motion to dismiss the petition, arguing that the district court was without authority to order the relief requested by Glen-core. Halla had no objection to consolidation or joint hearing provided that the arbitrators were appointed in accordance with the procedure set forth in the Charter Party Agreement.
 

 The district court concluded that it was without authority to order consolidation of the two arbitrations and granted Schnitzer Steel’s motion to dismiss the petition insofar as it requested consolidation. The court found, however, that “considering that the arbitrations between Glencore and Schnitzer [Steel], and Glencore and Halla, involve common questions of law and fact,” a joint hearing was “warranted.” It therefore denied Schnitzer Steel’s motion to dismiss insofar as it related to that part of the petition and issued an order requiring joint hearing. Schnitzer Steel appeals, arguing that the district court was without authority to order a joint hearing and that its motion to dismiss should have been granted in its entirety.
 

 DISCUSSION
 

 We review
 
 de novo
 
 the district court’s order that the arbitration hearings be held jointly.
 
 See Oldroyd v. Elmira Savings Bank, FSB,
 
 134 F.3d 72, 76 (2d Cir.1998) (district court’s refusal to stay proceedings pending arbitration reviewed
 
 de
 
 novo).
 

 In
 
 Government of the United Kingdom of Great Britain v. Boeing Co.,
 
 998 F.2d 68 (2d Cir.1993), this Court held that the federal courts do not have the power to order consolidation of two or more arbitration proceedings “unless doing so would be ‘in accordance with the terms of [an] agreement’ ” or agreements among the parties.
 
 Id.
 
 at 71 (quoting the Federal Arbitration Act, 9 U.S.C. § 1
 
 et seq.
 
 (“FAA”), at § 4). The Court based its conclusion substantially on a review of a trio of 1980’s Supreme Court decisions,
 
 Volt Info. Sciences, Inc. v. Board of Trustees,
 
 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989);
 
 Dean Witter Reynolds Inc. v. Byrd,
 
 470 U.S. 213, 219-21, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); and
 
 Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp.,
 
 460 U.S. 1, 20, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The
 
 Boeing
 
 Court quoted
 
 Byrd:
 

 The legislative history of the [FAA] establishes that the purpose behind its
 
 *267
 
 passage was to ensure judicial enforcement of privately made agreements to arbitrate. We therefore reject the suggestion that the overriding goal of the [FAA] was to promote the expeditious resolution of claims. The [FAA], after all, does not mandate the arbitration of all claims, but merely the enforcement— upon the motion of one of the parties— of privately negotiated arbitration agreements. The House Report accompanying the [FAA] makes clear that its purpose was to place an arbitration agreement “upon the same footing as other contracts, where it belongs,” H.R.Rep. No. 96, 68th Cong., 1st Sess., 1 (1924), and to overrule the judiciary’s longstanding refusal to enforce agreements to arbitrate.
 

 The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is “piecemeal” 'litigation, at least absent a countervailing policy manifested in another federal statute.
 

 470 U.S. at 219-21, 105 S.Ct. 1238 (footnote omitted).
 

 998 F.2d at 72.
 

 The district court in the present case denied Gleneore’s motion to consolidate as
 
 Boeing
 
 plainly required it to do. That ruling has not been appealed. The court observed, however, that the two arbitrations “involve common questions of law and fact.” With little additional explanation or discussion, it ordered joint hearing in the two arbitrations, stating simply that it was “warranted” and citing
 
 S.L. Sethia Liners Ltd. v. Egyptian Co. for Maritime Transp.,
 
 1988 A.M.C. 68, 68-69 (S.D.N.Y.1983).
 

 Sethia Liners
 
 is indeed strikingly similar to the present case. There Judge Haight, faced with separate agreements giving rise to two related arbitrations, one under American Arbitration Association rules and one under Society of Marine Arbitrators rules, denied the motion of a party to both arbitrations for consolidation but granted its motion for joint hearing. The court relied on the same provisions of the Federal Rules of Civil Procedure invoked by petitioner here, Fed.R.Civ.P. 42(a) and 81(a)(3).
 

 Neither
 
 Sethia Liners
 
 nor the decision below survives this Court’s analysis in
 
 Boeing
 
 or the Supreme Court decisions upon which
 
 Boeing
 
 relies, however.
 
 Boeing
 
 ’s conclusion that there is no source of authority in either the FAA or the Federal Rules of Civil Procedure for the district court to order consolidation absent authority granted by the contracts giving rise to the arbitrations applies with equal force to a court’s order of joint hearing.
 

 “[T]he FAA ‘simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.’ ”
 
 Boeing,
 
 998 F.2d at 72
 
 (quoting Volt Info. Sciences,
 
 489 U.S. at 478, 109 S.Ct. 1248.) There is nothing in the terms of the agreements before the district court that provided for joint hearing.
 

 Federal Rule of Civil Procedure 42(a) states that “[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial ...; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” But the arbitrations here are not “actions ... pending before the court,” and Rule 42(a) does not therefore by its own terms authorize either consolidation or joint hearing.
 

 Rule 81(a)(3) provides that in proceedings under the FAA, the Federal Rules of Civil Procedure apply “to the extent that matters of procedure are not provided for” in the FAA. Fed.R.Civ.P. 81(a)(3). “It is only the judicial proceedings under the Arbitration Act ... that are subject to the
 
 *268
 
 [federal] rules. The federal rules do not govern the procedure in the hearings before the arbitrators_” 4 Charles A. Wright
 
 &
 
 Arthur R. Miller, FedeRal PracTICE AND PROCEDURE § 1015, 66-67 (2d ed.1987) (footnote omitted);
 
 see also Boeing,
 
 998 F.2d at 73 (“Rule 81(a)(3) clearly does not import the Federal Rules of Civil Procedure to the private arbitration proceedings that underlie the Title 9 proceedings pending before a court.”) Rule 81(a)(3) does not itself or by importation of Rule 42(a) give the district court power to order either consolidation or joint hearing of two separate arbitrations where the arbitration provisions of the relevant agreements do not so provide. The district court thus was without the power to enter the order under appeal.
 

 Glencore argues that if joint hearing is not granted, the parties are endangered by, among other things, duplication, delay, and the risk of inconsistent decisions. “Although these may be valid concerns ..., they do not provide us with the authority to reform the private contracts which underlie this dispute.”
 
 Boeing,
 
 998 F.2d at 74.
 

 CONCLUSION
 

 The district court’s order is vacated insofar as it ordered joint hearing. Inasmuch as, under that order, the district court “retain[ed] jurisdiction to review and confirm the respective arbitration awards in accordance with 9 U.S.C. § 9,” the ease is remanded to the court for that purpose.